## * * § 362 INFORMATION COVER SHEET * *

| | |
|---|---|
| Sheila K Stuppy | BK-S-09-19788-LBR |
| DEBTOR | Case No:          MOTION #: |
| GMAC Mortgage, LLC | CHAPTER: 11 |
| MOVANT | |

---

***Certification of Attempt to Resolve the Matter Without Court Action:***

*Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but Movant has been unable to do so.*

*Date :*      February 21, 2012          *Signature:*  Ace Van Patten

*Attorney for Movant*

---

PROPERTY INVOLVED IN THIS MOTION: 2203 Sweet Fern Place Lakeland, Florida 33810
NOTICE SERVED ON: Debtor(s)____; Debtor's counsel____; Trustee____;
DATE OF SERVICE: _____

---

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st: $189,076.38 (Principal Only) | 1st: $ |
| 2nd: | 2nd: |
| 3rd: | 3rd: |
| 4th: | 4th: |
| Other: | Other: |
| Total Encumbrances: $189,076.38 | Total Encumbrances: $ |
| APPRAISAL or OPINION as to VALUE: $100,000.00 | APPRAISAL or OPINION as to VALUE: |

| TERMS of MOVANT'S CONTRACT with the DEBTOR(S):: | DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT: |
|---|---|
| Amount of Note: $176,000.00 | - |
| Interest Rate: 5.500% | - |
| Duration: 40 years | - |
| Payment per Month: $1,012.97 | - |
| Date of Default: February 1, 2009 | - |
| Amount in Arrears: $32,698.84 | - |
| Date of Notice of Default: | - |
| SPECIAL CIRCUMSTANCES: | SPECIAL CIRCUMSTANCES: |
| SUBMITTED BY: /s/ ACE VAN PATTEN | |
| 4375 Jutland Drive, Suite 200 | |
| P.O. Box 17933 | |
| San Diego, CA 92177-0933 | |
| (858) 750-7600 | SUBMITTED BY: |
| NV Bar # 11731 | SIGNATURE: |

1  | PITE DUNCAN, LLP
   | EDDIE R. JIMENEZ (Bar #10376)
2  | ACE VAN PATTEN (Bar #11731)
   | MATTHEW M. MCARTHUR (Bar #11649)
3  | 701 Bridger Avenue, Suite 700
   | Las Vegas, Nevada 89101
4  | Telephone: (858) 750-7600
   | Facsimile: (619) 590-1385
5  | E-mail: ecfnvb@piteduncan.com

6  | MAILING ADDRESS:
   | 4375 Jutland Drive, Suite 200
7  | P.O. Box 17933
   | San Diego, California 92177-0933
8
   | Attorneys for   Secured Creditor GMAC MORTGAGE, LLC
9

10

11                  UNITED STATES BANKRUPTCY COURT

                          DISTRICT OF NEVADA
12

13   In re                              Bankruptcy Case No. BK-S-09-19788-LBR
                                         Chapter 11
14   SHEILA K STUPPY,

15            Debtor(s).                 GMAC MORTGAGE, LLC'S MOTION
                                         FOR RELIEF FROM AUTOMATIC STAY
                                         (11 U.S.C. § 362 and Bankruptcy Rule 4001)
16
                                         Date:    March 21, 2012
17                                       Time:    1:30 PM

18        TO THE RESPONDENTS NAMED ABOVE:

19        GMAC Mortgage, LLC[1] ("Movant"), respectfully represents as follows:

20                     **RELIEF FROM STAY - CAUSE**

21                     **FAILURE TO MAKE PAYMENTS**

22        1.     This court has jurisdiction over the subject matter of this Motion pursuant to the

23   provisions of 28 United States Code §§ 157 and 11 United States Code § 362.

24        2.     On or about June 9, 2009, Sheila K Stuppy ("Debtor") filed a voluntary petition under

25   Chapter 11 of the Bankruptcy Code.

26   _____

27        [1] This Motion for Relief from Automatic Stay shall not constitute a waiver of the within party's right to
   receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004,
   notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize
28   Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act
   as its agent for purposes of service under Fed. R. Bankr. P. 7004.

1     3.     On or about August 2, 2006, Debtor, for valuable consideration, made, executed and

2 delivered to GreenPoint Mortgage Funding, Inc ("Lender") a Note in the principal sum of

3 $176,000.00 (the "Note"). Pursuant to the Note, Debtor is obligated to make monthly principal and

4 interest payments commencing October 1, 2006, and continuing until September 1, 2046, when all

5 outstanding amounts are due and payable. A copy of the Note is attached hereto as exhibit A and

6 incorporated herein by reference.

7     4.     Subsequently, Lender specially indorsed the Note to Movant. As Movant is currently

8 in rightful possession of the specially indorsed Note, Movant qualifies as the Note holder with

9 standing to prosecute the instant Motion.

10     5.     On or about August 2, 2006, Debtor made, executed and delivered to Lender a

11 Mortgage (the "Mortgage") granting Lender a security interest in the certain real property located at

12 2203 Sweet Fern Place Lakeland, Florida 33810 (hereinafter "Real Property"), which is more fully

13 described in the Mortgage. The Mortgage provides that attorneys' fees and costs incurred as a result

14 of the Debtor's bankruptcy case may be included in the outstanding balance under the Note. The

15 Mortgage was recorded on August 8, 2006, in the Official Records of Polk County, State of Florida.

16 A copy of the Mortgage is attached hereto as exhibit B and incorporated herein by reference.

17     6.     Subsequently, Lender's beneficial interest in the Mortgage was assigned and

18 transferred to Movant. A copy of the Corporation Assignment of Mortgage evidencing the

19 Assignment of the Mortgage to Movant is attached hereto as exhibit C and incorporated herein by

20 reference.

21     7.     The obligation under the Note is in default as of February 1, 2009, for failure to make

22 payments to Movant. As of December 14, 2011, the principal amount owing under the Note is the

23 approximate sum of $189,076.38. Further, Movant has incurred additional post-petition attorneys'

24 fees and costs in bringing the instant Motion. This is an approximate amount for purposes of this

25 Motion only, and should not be relied upon as such to pay off the subject loan as interest and

26 additional advances may come due subsequent to the filing of the Motion. An exact payoff amount

27 can be obtained by contacting Movant's counsel.

28 /././

1    8.    The Debtor is obligated to make all post-petition payments owing on the Note

2 directly to Movant. However, Movant has not received the post-petition payments owing for October

3 1, 2009 through January 1, 2012. Accordingly, the post-petition arrears owing under the Note are in

4 the approximate sum of $25,470.44, consisting of four (4) payments in the amount of $949.74 each,

5 eight (8) payments in the amount of $896.50 each, four (4) payments in the amount of $946.15 each,

6 eight (8) payments in the amount of $916.43 each, four (4) payments in the amount of $1,012.97

7 each, and less a suspense balance in the amount of $(668.44), excluding the attorneys' fees and costs

8 incurred in filing the instant Motion.

9    9.    A debtor's failure to make payments as they become due in a Chapter 11 case

10 constitutes "cause" for relief from the automatic stay pursuant to 11 United States Code § 362(d)(1).

11 Accordingly, as the Debtor has failed to make payments under the Note, Movant is entitled to relief

12 from the automatic stay pursuant to 11 United States Code § 362(d)(1).

13    **RELIEF FROM STAY - CAUSE**

14    **ADEQUATE PROTECTION**

15    10.    Pursuant to the provisions of 11 United States Code §§ 361 and 362(d), Movant is

16 entitled to adequate protection of its interest in the Real Property.

17    11.    Movant submits the adequate protection in this case requires normal and periodic

18 cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts

19 owed to Movant, including all attorneys' fees and costs incurred in the filing of this motion.

20    12.    Movant is informed and believes that Debtor is presently unwilling or unable to

21 provide adequate protection to the Movant and there is no probability that adequate protection can

22 be afforded to Movant within a reasonable time.

23    13.    By reason of the foregoing, Movant is entitled to relief from stay under 11 United

24 States Code § 362(d)(1), based upon the failure of Debtor to provide adequate protection to Movant

25 and to make payments.

26 /././

27 /././

28 /././

- 4 -

## RELIEF FROM STAY

## LACK OF EQUITY AND NOT NECESSARY FOR AN EFFECTIVE REORGANIZATION

14.     Movant is informed and believes that, based on the Debtor's bankruptcy Schedules, the fair market value of the Real Property is no more than $100,000.00. Copies of Debtor's bankruptcy Schedules A and D are collectively attached hereto as exhibit D and incorporated herein by reference.

15.     Based on the above, under the best case scenario, Movant is informed and believes that the equity in the Real Property is as follows:

| | |
|---|---|
| Fair Market Value: | $100,000.00 |
| Less: | |
| Movant's Deed of Trust | $189,076.38 |
| Costs of Sale (8%) | $8,000.00 |
| Equity in the Property: | $(97,076.38) |

As a result, there is little to no equity in the Real Property to be realized by the Debtor or the bankruptcy estate. It is the Debtor's burden to establish the Subject Property is necessary for an effective reorganization, but Debtor is unable to provide any evidence establishing the same. United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd., 484 U.S. 365, 375 (1988). Moreover, Debtor must also show that the property is essential for an effective reorganization that is in prospect and that there is a reasonable possibility of a successful reorganization within a reasonable time. Id. at 376.

16.     In the instant case, the matter has been in bankruptcy since 2009 and no Disclosure Statement or Chapter 11 Plan have been proposed, much less appear to be close to confirming. Further, as the Debtor is unable to service the debt on the Real Property, Movant contends that the Real Property is not necessary for an effective reorganization. Finally, Debtor has moved to convert the matter to a Chapter 7 proceeding, but does not appear to have noticed the motion properly in order to have a hearing. Consequently, Debtor's own intent to convert further demonstrates no successful reorganization is in prospect. Consequently, Movant is entitled to relief from stay under 11 United States Code § 362(d)(2).

17.     If Movant is not allowed to regain possession of and to foreclose on the Real Property it will suffer irreparable injury, loss and damage.

1   Pursuant to Local Rule 9014(g), a proposed order is attached hereto as exhibit E.

2   WHEREFORE, Movant respectfully prays for an Order of this court as follows:

3   1.    Terminating the automatic stay of 11 United States Code § 362, as it applies to the

4   enforcement by Movant of all of its rights in the Real Property under the Note and the Deed of Trust;

5   2.    That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

6   3.    Granting Movant leave to foreclose on the Real Property and to enforce the security

7   interest under the Note and the Deed of Trust, including any action necessary to obtain possession of

8   the Property;

9   4.    The Order Terminating Stay of 11 U.S.C. § 362 shall be binding and effective and

10   supersede any subsequently entered confirmation order that confirms a Chapter 11 Plan of

11   Reorganization providing for the treatment of Movant's claim.

12   5.    Permitting Movant to offer and provide Debtor with information re: a potential

13   Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss

14   Mitigation Agreement, and to enter into such agreement with Debtor;

15   6.    Alternatively, in the event this court declines to grant Movant the relief requested

16   above, Movant requests that an Order for adequate protection be issued, requiring the Debtor to

17   reinstate and maintain in a current condition all obligations due under the Note and Deed of Trust

18   and all other deeds of trust encumbering the Real Property, including Debtor's obligations to pay

19   when due (a) the monthly installments of principal and interest, as required under the Note;

20   (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtor in order to

21   protect Movant's interest in the Real Property, including all attorneys' fees and costs incurred in the

22   filing of this motion;

23   7.    That the attorneys' fees and costs incurred by Movant for filing the instant Motion be

24   included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law;

25   8.    That the requirements of Local Rule 9021 be waived; and

26   /././

27   /././

28   /././

9.      For such other and further relief as the court deems just and proper.

Dated: February 15, 2012

/s/ ACE VAN PATTEN
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
(858) 750-7600
Bar #11731
Attorney for GMAC
MORTGAGE, LLC

- 7 -